IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HARRISON KING,<br><br>        *Plaintiff,*<br><br>v.<br><br>S & S FOODS, LLC,<br>BOY SCOUTS OF AMERICA,<br>NATIONAL CAPITAL AREA COUNCIL BOY<br>SCOUTS OF AMERICA, COUNCIL #82,<br><br>        *Defendants.* | CASE NO. 6:14-cv-00014<br><br><u>MEMORANDUM OPINION</u><br><br><br>JUDGE NORMAN K. MOON |

  Plaintiff Harrison King ("Plaintiff" or "King") initiated this action on April 24, 2014, asserting a claim of gross negligence against Defendants Boy Scouts of America ("BSA") and National Capital Area Council ("NCAC") (collectively, the "Boy Scout Defendants"). Plaintiff's claim arises from a boy-scout camping trip where he allegedly became sick as a result of eating tainted meat. This matter is now before me upon a renewed motion for summary judgment filed by the Boy Scout Defendants (docket no. 39). The Boy Scout Defendants argue that they are entitled to summary judgment because the uncontradicted evidence precludes, as a matter of law, a finding of gross negligence and therefore Plaintiff's claim is barred by the doctrine of charitable immunity. For the following reasons, I will grant the Boy Scout Defendants' motion.

  In Virginia, gross negligence is defined as "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another.] It must be such a degree of negligence as would shock fair minded [people] although something less than willful recklessness." *Ferguson v. Ferguson*, 181 S.E.2d 648, 653 (Va. 1971). The focus here is on whether the Boy Scout Defendants showed an "utter disregard" for the safety of King on his camping trip. *Id.* Here, NCAC and BSA have

introduced evidence showing that Chuck Trude, the scout leader of Plaintiff's camping trip, received a "Leader's Guide" from NCAC prior to the trip. Defs.' Mot., Ex. #5. The Leader's Guide provided instructions on food preparation and safe food handling. *Id.* It also described how to properly cook a "foil dinner," which is the type of dinner that allegedly caused Plaintiff's illness. *Id.* The Boy Scout Defendants provided similar materials to King, which also described how to properly cook a "foil dinner." *Id.* Finally, the troop leaders consistently stressed the importance of cooking food thoroughly with King's troop. *Id.* ("[I]n 2008 and well before, we stressed to all Troop 175 scouts, including Harrison King, that meat needs to be handled carefully and cooked thoroughly, which means well done with no pink showing.").

Moreover, in order to defeat a properly supported motion for summary judgment, Plaintiff must "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Here, Plaintiff has identified nothing in the record which suggests there is a genuine issue of material fact on his claim. Plaintiff has thus failed to meet his burden in opposing summary judgment.

Given the foregoing, no reasonable juror could conclude that the Boy Scout Defendants demonstrated "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of [another.]" *Ferguson*, 181 S.E.2d at 653. Accordingly, the Boy Scout Defendants' Motion for Summary Judgment is **GRANTED** (docket no. 39). An appropriate order follows.

Entered this __20th__ day of March, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE